People of State of Illinois, Plaintiff-Defendant in Error, v. Paul W. Miller, Defendant-Plaintiff in Error.

Gen. No. 10,150.

Third District.

May 2, 1958.

Released for publication May 19, 1958.

Scott Hoover, of Taylorville, for plaintiff in error.

Alvin T. Durr, of Taylorville, for defendant in error.

JUDGE ROETH delivered the opinion of the court.
This case is before this court on a writ of error to review the judgment of the County Court of Christian county.

Our consideration of the case will be limited to sole proposition that the abstract of record filed in this court is so grossly inadequate as to warrant an affirmance of the trial court. We comment on some of the more glaring insufficiencies in the abstract of record.

The record in this case consists of 108 pages and is abstracted in seven and one-half pages. The index to the abstract is an index to the testimony only. The abstract itself is nothing more than an index. All that appears as to some of the more important parts of the record is illustrated by the following:

*Record Page*

6 Information

7 Arraignment

11 Recognizance Wm. R. Van Alstine surety.

13 Appearances; jury chosen; jury sworn; evidence heard; jury instructed.

20 Verdict of jury.

22 Written motion for new trial filed.

23 Grounds for new trial. Verdict against weight of evidence; improper argument of State's Attorney.

25 Defendant cited for contempt for behavior in court.

26 Citation

28 Hearing on citation and on motion for new trial; defendant guilty of contempt; sentenced to 90 days at State Farm.

30 Mittimus

32 Motion for new trial denied; defendant sentenced to 90 days; mittimus ordered; defendant and counsel not in Court; defendant at State Farm at Vandalia.

33 Mittimus.

Various other parts of the record are noted in the same fashion as above. Then follows a condensation of 50 pages of testimony into four and one-half pages and it is impossible from the abstract to determine for whom the various witnesses testified.

We are not furnished by the abstract with any information as to the nature of the charge. No plea of the defendant is shown by the abstract. The nature of the jury's verdict or whether the penalty was fixed by the jury or the judge is not disclosed. It is even questionable whether the above notations show a final judgment. It should be apparent that it is impossible for

the court to determine the question of the manifest weight of the evidence without knowing the nature of the charge against the defendant.

■■■ Rule 6 of this court is plain and easy to understand. It requires the party prosecuting a writ of error to furnish a complete abstract of the record. Such abstract must be sufficient to present fully, every error relied on for reversal. It has been repeatedly announced by this court and the Supreme Court that the court will not search the record to supply deficiencies in the abstract. Everything necessary to decide the questions raised must appear in the abstract. Rules of court are adopted to facilitate the work of the court and they have the force of law. They are binding on this court the same as on litigants.

For failure to comply with rule 6 by filing a sufficient abstract, the judgment of the County Court is affirmed.

Affirmed.

CARROLL, P. J. and REYNOLDS, J., concur.